**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4996**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SUSAN MYERS WALLACE,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:09-cr-01103-HFF-1)

_____

Submitted:  January 11, 2011      Decided:  February 7, 2011

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, David C. Stephens, William J. Watkins, Jr.,
Assistant United States Attorneys, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan Myers Wallace pleaded guilty to embezzlement, in violation of 18 U.S.C. § 656 (2006). The U.S. Sentencing Guidelines Manual (2009) called for a sentencing range of fifteen to twenty-one months, and Wallace received a fifteen-month sentence. Wallace now appeals, claiming that the district court imposed a procedurally unreasonable sentence because it failed to provide an adequate explanation for the sentence imposed. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A sentence is procedurally reasonable where the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'"

2

United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).

Upon review, we conclude that the district court provided an adequate individualized assessment, taking into account counsel's arguments for a below-Guidelines sentence, and did not abuse its discretion in imposing Wallace's fifteen-month sentence.  See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly preserved procedural sentencing error);  see also Gall, 552 U.S. at 46.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED